WILLIAM D. PARKER *vs.* MILES J. MERRILL & another.

Suffolk.   March 9, 1899. — May 19, 1899.

Present: HOLMES, KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Agency — Commissions — Usage of Brokers.*

By an agreement in writing, A., a real estate broker, promised to pay to B. one half
of the commissions collected on all sales of property brought into the office by
him. B. brought land into the office for sale or exchange, which A., dealing
with C., another real estate broker, exchanged for other property. Under an
alleged usage of brokers, A. and C. paid to each other one half of the commis-
sions received from their respective principals for effecting the exchange, and B.
received from A. one half of the balance of A.'s original commission after de-
ducting the amount paid to C. *Held,* without sanctioning such alleged usage
of brokers, if it exists, that, if A. and C. had acted upon it, B. was also entitled
to one half of the commissions received by A. from C.

CONTRACT, upon an agreement in writing by which the de-
fendants agreed to pay to the plaintiff " one half of the commis-
sions collected on all sales of property in Brookline and Brighton
brought into the office by him."

At the trial in the Superior Court, before *Maynard,* J., the
jury returned a verdict for the plaintiff; and the defendants
alleged exceptions. The facts appear in the opinion.

*W. B. French,* for the defendants, submitted the case on a brief.

*R. W. Frost,* for the plaintiff.

HOLMES, J.   This is an action of contract upon a promise by
the defendants to pay the plaintiff " one half of the commissions
collected on all sales of property in Brookline and Brighton
brought into the office by him."   The plaintiff brought into the
office some land in Brookline for sale or exchange.   The defend-
ants made an exchange for Boston property, dealing with one
Smith, another real estate broker.   While the negotiations were
going on, Smith notified the defendants that he should claim one
half of their commissions, under an alleged usage of brokers to
divide commissions, and subsequently he was paid one half, with
the plaintiff's consent.   Later, the defendants in like manner
received one half the commissions paid to Smith by the owner
of the Boston property.   The plaintiff has been paid one half of

what the defendants had left of the commissions directly received from the Brookline land, after paying Smith his one half, etc., but he seeks to recover one half of the whole amount which the defendants received.

The defendants asked the court to rule that the plaintiff could not recover under any custom of brokers to divide commissions, and excepted to the refusal to give the ruling, and also to the instructions given by the court. We certainly do not mean to say anything to countenance a custom which, if it exists, tends to make agents unfaithful to their principals' interests, but we have to consider in what sense and for what purpose the plaintiff invoked the custom. He did not need it or rely upon it to found the obligation of the defendants to him, for he had that in a writing which the defendants admitted, and he counted upon the writing alone. He relied upon the custom simply to show that, valid or invalid, the brokers on both sides of the exchange had acceded to it, had acted under it, and that therefore, so far as he was concerned, the half commissions received from the other side took the place of and represented the half commissions given up to the other side. Manifestly, it would be unfair to cut down the commissions received from the Brookline owners by one half and to take no account of the half commissions received from the Boston owner in place of them. The instructions to the jury perhaps might have made this point of view clearer than they did, but we think that this was what was meant and all that was meant. The usage was not treated as imposing any obligation, but simply as offering a possible ground for believing that in fact the whole sum received by the defendants was the true commission on the Brookline exchange.

It is suggested that the commissions paid by the Boston owner were the result of a distinct transaction. It is true that before the exchange it was agreed that the Boston owner should pay no commissions unless the brokers should place mortgages for $100,000 upon the Brookline land which he took within ninety days. But that was merely a condition. When it was satisfied, as it was, the commission was a commission on the exchange, and it might have been found, at least, that getting the mortgages was thrown in as an incident.

*Exceptions overruled.*